IN THE
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**DAVID LOVE**,

                   Appellant,

      v.                                  **No. 23-11089**

**INSPECTOR MICHAEL
MORALES, et al.**,

                   Appellees.

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

COMES NOW the United States of America, by and through Jill E.
Steinberg, United States Attorney for the Southern District of Georgia,
and files its Certificate of Interested Persons and Corporate Disclosure
Statement as follows:

      Baker, Hon. R. Stan

      Davids, Justin G.

      Doe, John

      Estes, David H.

      Hall, Hon. J. Randal

      Leithart, Otto Woelke

Levi, Frank R.

Love, David Lamarr

Morales, Michael

Ray, Hon. Christopher L.

Steinberg, Jill E.

Wolf, Hon. Chad F.

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**DAVID LOVE**,

               Appellant,

      v.

             **No. 23-11089**

**INSPECTOR MICHAEL MORALES, et al.**,

               Appellees.

## GOVERNMENT'S MOTION FOR SUMMARY AFFIRMANCE

The district court dismissed David Love's *Bivens*[1] suit for failure to state a claim. Rather than challenging that decision, Love simply reasserts his original claims, which the district court found "entirely meritless." (Doc. 26.)[2] As a result, this Court should summarily affirm the district court's decision.[3]

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971).

[2] "Doc." refers to the district court's ECF docket in Case No. CV 420-083 (S.D. Ga.).

[3] A motion for summary affirmance "postpone[s] the due date for the filing of any remaining brief until the court rules on such motion." 11th Cir. R. 31-1(c).

### A.    Background.

#### 1.    Factual allegations.

On April 25, 2018, Love and his cousin, Steven Graham, attended a Social Security hearing in Savannah, Georgia. (Doc. 4 at 5.) After going through the metal detector, Love was asked to present identification. (Doc. 5 at 4.) Instead of presenting a government-issued ID, however, Love presented a "tribal identification card." (*Id.*) The security guard at the entrance did not believe that Love's ID card was real. (*Id.*)  He allowed Love and his attorney to enter the courtroom for the hearing, which they did after first conferring in a private meeting room adjacent to the courtroom. (*Id.*) But the guard also contacted Michael Morales, an officer with the Federal Protective Service (FPS)[4], to get his opinion on the ID card. (*Id.*) When Morales arrived a short time later, he conferred with the guard, then interrupted the hearing in order to speak with Love about it. (*Id.* at 4-5.)

Both Love and his attorney left the courtroom and returned to the adjacent room to discuss the matter privately. (*Id.* at 5.)  The attorney

---

[4] FPS is part of the Department of Homeland Security. 40 U.S.C. § 1315(b).

told Love he represented him only for the disability hearing, not for "this madness," and left the room. (*Id.* at 6.) Morales then entered the room to speak with Love, who was now alone. (*Id.*)

Morales's interview with Love took "about twenty minutes." (*Id.*) During the interview, Morales accused Love of presenting a fake ID. (*Id.*) He also accused him of "impersonating an American Indian, mail fraud[,] and defrauding the United States." (*Id.*) Love denied the allegations, and the conversation became heated. (*Id.*)

After investigating further for a few days, Morales went to Love's residence in Richmond Hill, Georgia, to return the ID card. (*Id.* at 6-7.) During that subsequent conversation, Morales admitted to Love that the ID card was real but suggested that he not rely on it for identification purposes because other people would also think it was fake. (*Id.* at 7.) Love was never charged with a crime. (Doc. 20 at 2.)

### 2.   *Procedural history.*

Almost two years later, Love filed his first complaint in the U.S. District Court for the Southern District of Georgia. (Doc. 1.) In his amended complaint, Love alleged that Morales and the unidentified guard violated his Fourth, Fifth, Sixth, and Fourteenth Amendment

rights. (Doc. 4 at 5.) His other claims were dismissed by the district court. (Doc. 7 (dismissing claims against the Department of Homeland Security ("DHS"), against Acting DHS Secretary Chad F. Wolf, and against all individually named defendants in their official capacities)).

Morales moved to dismiss Love's complaint for failure to state a claim. (Doc. 20.) He asserted there was no *Bivens* remedy available for Love's claim that Morales violated his constitutional rights by interviewing him about possible criminal activity. (*Id.* at 1, 4-6.) Morales also contended that, under *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022), the district court should not recognize a new *Bivens* claim. (*Id.* at 6-10.) Next, Morales argued that even if Love's claims could be raised under *Bivens*, he still failed to establish any constitutional violations. (*Id.* at 10-19.) Finally, Morales stated he was entitled to qualified immunity.[5] (*Id.* at 19-21.)

Love opposed, although he did not rebut Morales's assertion that he failed to state a *Bivens* claim. (Doc. 22; Doc. 24 at 4.) Rather, Love reasserted that Morales "acted outside of [his] Oath of Offices and Bonds

---

[5] Morales also argued that Love could not bring criminal charges against him as a private citizen. (Doc. 20 at 21-22.) Love does not appear to make this argument on appeal.

(insurance policies) when they conspired together to deny Plaintiff's Constitutionally and American Declaration on the Rights of Indigenous People (ADRIP) Protected rights . . . ." (Doc. 22 at 1.)  Instead of engaging with the appropriate legal analysis, Love declared it "fairy tales, pretension and or pretexting schemes." (*Id.* at 3.)

The magistrate court issued a report and recommendation that Love's lawsuit be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Doc. 24.)  It agreed that Love failed to state a *Bivens* claim, and that he had not demonstrated that the court should recognize a new cause of action.  (*Id.* at 7-15.) It also dismissed Love's claim against a John Doe officer because he had not attempted to discover that person's identity.  (*Id.* at 16-18.)  The report and recommendation stated the parties had 14 days to file written objections, and "that failure to timely file objections will result in the waiver of rights on appeal." (*Id.* at 18-19.)

Love filed his objection to the report and recommendation outside of the 14-day timeframe.  (Doc. 25 at 19; Doc. 26 at 1.)  He contended that he had "stated a claim upon which relief can be granted," but he then referred to "a 1st Offer Affidavit for closure and settlement certified mail

# 7021 2720 0002 5394 6547 to bonded Defendant Morales and his agent [the AUSA]." (Doc. 25 at 1.) Love did not address the report and recommendation's *Bivens* and *Egbert* analysis. (*Id.* at 1-9.)

In its order adopting the report and recommendation, the district court noted Love's out-of-time objection, but considered his arguments anyway and overruled them. (Doc. 26 at 1.) It explained that Love "fail[ed] to address any of the authority cited by the Magistrate Judge, such as the Supreme Court's recent treatment of claims brought against federal officers pursuant to *Bivens* . . . .") (*Id.*) It also found that Love "fail[ed] to refute the Magistrate Judge's recommendation for dismissal of Defendant Doe, whom Plaintiff failed to identify or serve." (*Id.* at 2.)

Love appeals. (Doc. 28.)

## B.   *Standards of review.*

This Court reviews de novo the district court's grant of a motion to dismiss a *Bivens* complaint based on failure to state a claim. *See Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)).

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no

substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

This Court may dismiss an appeal where it determines that it is either frivolous or entirely without merit. *See* 11th Cir. R. 42-4.

### C. Argument.

This appeal involves the district court's dismissal of Love's *Bivens* lawsuit, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. "To survive a Rule 12(b)(6) motion to dismiss [in the district court], a complaint must allege sufficient facts to state a claim that is plausible on its face." *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* (internal quotation marks omitted). This Court should summarily affirm the district court's decision to dismiss Love's *Bivens* complaint because he failed to establish his claims were cognizable under *Bivens*, resulting in a complaint essentially based on conclusory allegations without any basis in law.

### 1. Love failed to make specific objections to the report and recommendation's *Bivens* *and* *Egbert* *analysis* concluding he failed to state a claim.

Federal Rule of Civil Procedure 72(b)(2) requires a party, within 14 days, to "serve and file specific written objections and recommendations." *See also* 28 U.S.C. § 636. Under Eleventh Circuit Rule 3-1, a party who fails to properly object "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusion," although this Court "may review on appeal for plain error if necessary in the interests of justice."

In a case similar to the present one, this Court explained, "We have previously declined to review any finding in an R&R that the defendant has not specifically identified and challenged before the district court." *United States v. Spradley*, 828 F. App'x 679, 681 (11th Cir. 2020).[6] There, the defendant made a general objection to the report and recommendation, but did not make specific legal objections. *Id*. at 680. This Court noted that the objection "cited none of the magistrate judge's findings of fact, nor any of her legal conclusions." *Id*. at 681. As a result,

---

[6] *Spradley* involved Federal Rule of Criminal Procedure 59(b)(2), which uses the same "specific written objections" language as Federal Rule of Civil Procedure 72(b)(2).

the defendant "waived his right to review." *Id.* It also recognized that while it could review for plain error, the defendant's brief "never acknowledges the magistrate judge's R&R, much less argues that we should review his case despite his failure to specifically object to the magistrate judge's findings." *Id.* Therefore, the Court refused to "consider an argument that [the defendant] has so obviously abandoned." *Id.*

Here, although Love filed (out-of-time) objections to the magistrate court's report and recommendation, as recognized by the district court, he entirely failed to address the *Bivens* and *Egbert* analysis, which was dispositive as to the motion to dismiss. (Doc. 26 at 1-2.) Love also failed to engage in the magistrate court's dismissal of his John Doe claim. Because Love failed to specifically object to the magistrate court's *Bivens* and *Egbert* determination, as well as its dismissal of his John Doe claim, he has waived any right to review that decision on appeal. Like the defendant in *Spradley*, Love's appellate brief does not even acknowledge the report and recommendation, let alone assert any argument that he properly pled a *Bivens* claim (or that the district court should have recognized a new cause of action). For these reasons, Love has obviously

9

abandoned any argument that his complaint was improperly dismissed under Rule 12(b)(6).

Love also cannot demonstrate plain error. Under Eleventh Circuit Rule 3-1, this Court must first determine if the unobjected-to error in the report and recommendation is necessary in the interest of justice. *See Roy*, 53 F.4th at 1351. If so, then "[u]nder the civil plain error standard, we will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Id*. (internal quotation marks omitted). Here, Love has not demonstrated that the district court committed any error, let alone plain error. Nor has he established that even if there were plain error, it would be a miscarriage of justice for the Court to not consider the abandoned claim. As noted, Love completely fails to address the court's *Bivens* and *Egbert* analysis in his appellate brief.

Based on the above, this Court should summarily affirm the district court's dismissal of Love's *Bivens* complaint.

### 2. Love abandoned any argument on appeal that he properly asserted a Bivens claim by failing to address it in his appellate brief.

Second, even assuming Love made a specific objection to the report and recommendation, on appeal he fails to argue that he properly asserted a *Bivens* claim or that the district court should have created a new cause of action. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("Any issue that an appellant wants the Court to address should be specifically and clearly identified in the brief. . . . Otherwise, the issue . . . will be considered abandoned." (internal quotation marks omitted)); *Tillman v. Lawrimore*, No. 21-11471, 2022 WL 678903, at *3 (11th Cir. Mar. 8, 2022) ("An appellant abandons a claim when he makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014))).

Love's appellate brief reiterates his complaints about how Morales treated him at the Social Security hearing, but he does nothing to explain how such complaints are cognizable under *Bivens*, or how the district court should have recognized a new *Bivens* cause of action based on

*Egbert*.  (Love Br. 7-13.)  Because Love has abandoned any claim that his complaint was improperly dismissed under Rule 12(b)(6) for failure to state a claim, it is forfeited on appeal. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022).

Moreover, none of the *Campbell* exceptions require this Court to exercise its discretion to consider Love's forfeited claim. *Id*. at 873.  Love has not shown that it would result in a miscarriage of justice or that the interest of substantial justice is at stake; to the contrary, as the report and recommendation outlined, Love had other avenues to bring his potential claims, but he failed to do so.  (Doc. 24 at 12-15.)  Moreover, Love had an opportunity to raise the issue at the district court level by making specific objections to the report and recommendation.  But he did not. (Doc. 26 at 1-2.)  His claim also does not present significant questions of general impact or of great public concern—instead, it is limited to Love's complaints that Morales treated him unfairly and said unkind things toward him.  Lastly, the only proper resolution beyond any doubt is in favor of Morales, not Love.  Therefore, there are no "extraordinary circumstances" present in this case suggesting the Court should exercise

its discretion to "resurrect" Love's forfeited issue. *See Campbell*, 26 at 872-73.

Based on the above, this Court should summarily affirm the district court's judgment.

### 3. *The district court did not err, plainly or otherwise, in dismissing Love's* Bivens *lawsuit.*

Finally, the district court did not commit any error in dismissing Love's *Bivens* complaint. "In *Bivens*, the Court held that it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert*, 142 S. Ct. at 1802. Since then, the Supreme Court has recognized only two other causes of action: "first, for a former congressional staffer's Fifth Amendment sex discrimination claim . . . and second, for a federal prisoner's inadequate-care claim under the Eight Amendment . . . ." *Id*.

Thus, to determine whether a plaintiff has properly asserted a *Bivens* claim, courts engage in a two-step inquiry. *Id*. at 1803. First, the court asks whether the plaintiff's claim is "a new *Bivens* context," meaning "is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id*. "Second, if a claim arises in a

13

new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed." *Id*. In other words, "[i]f there is a rational reason to think that [Congress should decide whether to provide for a damages remedy]—as it will be in most every case . . . —no *Bivens* action may lie." *Id*.

Love's asserted Sixth and Fourteenth Amendment violations, whatever they are, were properly dismissed because they arise in a new context and are different in a meaningful way from the three *Bivens* contexts recognized by the Supreme Court. *See Montalban v. Samuels*, No. 21-11431, 2022 WL 4362800, at *4 (11th Cir. Sept. 21, 2022). And while the Supreme Court has recognized *Bivens* claims under the Fourth, Fifth and Eighth Amendments, "[a] claim may arise in a new context even if it based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). Love's claims are "meaningfully different" from these cases because he was not a congressional staffer experiencing sex discrimination; he was not a prisoner asserting inadequate care; and he was never placed under arrest and subjected to

14

a search.   *Id.* at 743-44 (explaining how plaintiff's claims were meaningfully different from established causes of action).

Because these are new contexts, the next question is "whether there is any reason to think that Congress might be better equipped to create a damages remedy."  Here, Congress is in a better position to formulate an appropriate cause of action because, otherwise, allowing a *Bivens* action based on an investigatory interview could potentially chill the ability of law enforcement to investigate crimes.  *See Egbert*, 142 S. Ct. at 1803 ("Even in a particular case, a court likely cannot predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*. . . . That alone is a special factor that forecloses relief.").

Moreover, courts may not create new *Bivens* causes of action "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'"  *Id.* at 1804 (quotation marks omitted); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.").  Here, the magistrate court highlighted a couple of such "alternative remedial structures": (1) the Federal Tort Claims Act

15

(FTCA); and (2) a complaint with the Department of Homeland Security's (DHS) Office of Inspector General (OIG). (Doc. 24 at 12-15.)  *See, e.g., Egbert*, 142 S. Ct. at 1806-07 (explaining alternative remedy existed where administrative grievance procedure existed).  These alternatives are sufficient to meet the concerns of *Bivens*.  *Id*. at 1807 ("So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy.").

Of course, neither in his objections to the report and recommendation, nor in his appellate brief, does Love argue that his claims fell within the established *Bivens* causes of action, or that the district court should have created a new cause of action because there are special factors making the judiciary better equipped than Congress to weigh the costs and benefits of allowing his damages action to proceed. This is because he cannot, and for these reasons the district court properly dismissed his *Bivens* lawsuit for failure to state a claim.

### D.    Conclusion.

For the reasons above, this Court should summarily affirm the district court's judgment.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Justin G. Davids*

Justin G. Davids
Chief, Appellate Section
Assistant United States Attorney
Missouri Bar No. 57661
*justin.davids@usdoj.gov*

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word for Microsoft 365. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 3,141 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief was filed today through this Court's ECF system, and served by U.S. Mail on:

> David Lamarr Love
> 40 Young WY AVE
> Richmond Hill, Georgia 31324

pursuant to Fed. R. App. P. 25(c)(1)(B) and 25(c)(2), and CTA11 Rule 25-3(a).

This June 9, 2023.

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ Justin G. Davids*

Justin G. Davids
Chief, Appellate Section
Assistant United States Attorney
Missouri Bar No. 57661
justin.davids@usdoj.gov

18

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422